## THE BOROUGH OF STAMFORD *vs.* EDGAR STUDWELL.

New Haven and Fairfield Cos., Oct. T., 1890. ANDREWS, C. J., CARPENTER, LOOMIS, SEYMOUR and TORRANCE, JS.

The borough of *S* passed an ordinance, under authority of its charter, that it should be unlawful for any person, without the consent of the warden and burgesses, to erect any building or addition to a building, within certain specified limits, unless the outer walls and roof were made of some metallic or mineral non-combustible material, under a penalty of one thousand dollars. The defendant owned a wooden building within the specified limits, seventy-six feet long in front and twenty-one wide and two stories high, with an attic, and a piazza extending along the entire front. The building was divided about midway of its length by a wooden partition, the north half being used by itself for tenements and the south half for a boarding house. The building took fire, and the entire roof was burned off and the second story and attic of the north part considerably burned, and the south part burned down to the sills, except a small portion of the front wall. The defendant at once proceeded to repair the north portion, enclosing its south end with sheathing, and made this part complete of itself, and it was immediately occupied by the defendant's tenants. About three months later, without the consent of the warden and burgesses, he rebuilt the south part of wood, using a few of the charred timbers that remained, and the old stone walls of the cellar. Held that the rebuilding of the south part was not the building of an addition to the north part, but that the whole was to be taken as the repairing of one entire building.

Borough of Stamford *v.* Studwell.

The completion of the north part as an entire and separate building and the use of it as such, and the delay in the rebuilding of the south part, did not affect the case. The owner had a right to rebuild in parts and at his own convenience.

The court below found that the rebuilding of the south part was the erection of an addition to a building within the meaning of those words in the ordinance. Held that as all the acts of the defendant were detailed in the finding, it presented the question whether those acts constituted such a building of an addition as the ordinance intended, which involved the construction of the ordinance, and presented a question of law which could be reviewed.

[Argued October 30th, 1890—decided January 19th, 1891.]

ACTION to recover a forfeiture for the erection of a building in violation of an ordinance of the plaintiff borough; brought to the Superior Court in Fairfield County, and tried to the court before *J. M. Hall, J.* Facts found and judgment rendered for the plaintiff, and appeal by the defendant. The case is fully stated in the opinion.

*J. B. Curtis*, for the appellant.

1. The 35th section of the amended charter of the borough, authorizing the ordinance passed by the warden and burgesses under which this action is brought, was never intended to apply to a case like this, where a building had been partially consumed, and where the defendant without molestation had repaired the larger portion and finished it with rough sheathing at one end and intended to repair the remaining portion in the near future, and did so three months later. The case is the repairing and reconstructing of one entire building. The defendant had a perfect right to wait three months before he finished a portion of it. The delay did not at all change the character of the work when done. The entire reconstructed building was upon the same foundation and cellar walls and much of the former structure was used in the work. It cannot affect the case that the south part was more completely destroyed by the fire than the other.

2. Such an ordinance, being highly penal in its character, should receive a strict construction in favor of a party who

is charged with its violation. *State* v. *Daggett*, 4 Conn., 60; *Booth* v. *The State*, id., 65; *State* v. *Brown*, 16 id., 54; *Brown* v. *Hunn*, 27 id., 332; *Stewart* v. *Commonwealth*, 10 Watts, 306; *Douglass* v. *Commonwealth*, 2 Rawle, 262; *Brady* v. *Northwestern Ins. Co.*, 11 Mich., 425; *U. States* v. *Sheldon*, 2 Wheat., 119.

*S. Fessenden* and *N. C. Downs*, for the appellee.

1. The defendant claims that the building erected by him did not constitute an addition, but should be regarded only as the repairing of an old building. It seems to us that the facts found by the court are conclusive upon this point. A large portion of the original building was destroyed by fire. The south part, which had always been used separately from the north part and which was separated from it by a partition, was practically burned to the ground. The defendant, with the permission of the warden and burgesses, reconstructed the north part and enclosed it on all sides, "so as to make a building separate and complete in itself." Here, then, was a completed building. Any work thereafter done on such building would necessarily be either the repairing of or an addition to the same. The addition which the defendant subsequently erected was in every sense a new building, except that it was joined to an existing building, and by force of that fact became an addition in the full sense of the word.

2. We submit that the ordinance in question is a salutary police regulation, the due observance of which is demanded in the interest of public safety. Wooden buildings constructed in the heart of a populous city or borough, especially buildings of the character of that erected by the defendant, constitute a menace to life and property. *Klingler* v. *Bickel*, 117 Penn. St., 326.

SEYMOUR, J. By a resolution of the General Assembly, passed in the year 1882, amending the charter of the borough of Stamford, it is provided (section 35,) that "the warden and burgesses of said borough shall have power and author-

ity to prescribe limits in said borough, within which it shall
be unlawful, without the consent of the warden and bur-
gesses of said borough, for any person to erect or remove
any building or addition thereto, unless the outer walls and
roof thereof shall be composed of iron, brick, slate, stone, or
of such material as in the judgment of said warden and bur-
gesses shall be non-combustible; and to make and cause to be
executed all proper orders in relation thereto ; and any per-
son who shall erect or remove or add to any building within
such limits contrary to the provisions of this section, shall
forfeit and pay to the use of said borough the sum of one
thousand dollars, to be recovered in any proper action."

Subsequently an ordinance of the borough of Stamford
was passed which provides that, within certain specified
limits in said borough, " it shall be unlawful for any person,
without the consent of the warden and burgesses first ob-
tained, to erect any building or addition thereto, unless the
outer walls and roof thereof shall be composed of iron, brick,
slate, cement, stone and mortar, or some metallic or mineral
non-combustible material, nor until the plans and specifica-
tions have first been submitted to the fire wardens and by
them approved, and their assent signed on said plans and
specifications."

The defendant was in the possession and occupation of a lot
situated within the limits prescribed by the ordinance.   Up-
on it was a wooden building about seventy-six feet long,
twenty-one feet wide, and two stories high, with an attic.
A piazza extended along the entire front of the building.
The building was divided, about midway of its length, by a
wooden partition.   The north part was used for tenements
and other purposes, separate and independent of the south
part.   The south part was used and occupied by one Morris
as a boarding house and bar-room.

On January 21st, 1885, the entire roof of the building was
burned off, the second story and attic of the north part con-
siderably burned, and the south part burned and destroyed
down to the sills, except a small portion of the front, which
was burned to the tin roof of the piazza.´ Eight or ten feet

of the piazza at the south end was consumed, so that all that remained of the south part of the building was some twenty or twenty-two feet of piazza attached to the same number of feet of the front, which front was about ten feet high and was broken and burned through in several places. In short, the south part of the building and the upper story and attic of the north part, were pretty much consumed, though the partition between the two was only burned down above the first story.

Soon after the fire the defendant proceeded to rebuild the north portion of the building, and within a short time put a new roof thereon, and enclosed the south end, where the old partition was, with sheathing, so as to effectually protect it from the weather, and finished the same so as to make a building separate and complete in itself. It was thereupon immediately occupied by the defendant's tenants and has ever since been used and occupied separate and distinct from the rest of the building.

Some three months later, and shortly after June 8th, 1885, the defendant, without the consent of the warden and burgesses of Stamford, and in disregard of their vote refusing to grant him permission to do so, rebuilt the south part of the building entirely of wood. In so doing he used a few of the charred floor and other timbers that remained in the south part of the original building, and the stone walls of the cellar and the foundation were the same as those of the old building.

The complaint, after reciting the borough ordinance above set forth, alleges that on the 1st of June, 1885, the defendant was in the possession, occupation etc., of a certain tract of land, with a wooden building thereon. The land is duly described, bounded and located. The wooden building referred to is the rebuilt north part of the original building. Then follows the allegation that on or about said June first the defendant, without the consent of the warden and burgesses of Stamford, did erect a certain addition to and upon the south side of said building, and a statement of the particulars in which the addition failed to meet the requirements of

the borough ordinance, and the claim that the defendant by building such wooden addition has, by virtue of section 35 of the borough charter, forfeited to and for the use of the plaintiff the sum of $1,000.

Upon the trial of the case the defendant claimed that the work done by him was only the repairing of an old building and not the building of a new addition, and not within the letter or the spirit of the 35th section of the borough charter relating to the erection of additions. But the court found that the work done by the defendant was the erection of an addition to an existing building, in violation of the charter and by-laws of the borough, and rendered judgment for the plaintiff to recover of the defendant $1,000 and costs.

Our main difficulty is with the question whether the Superior Court has conclusively found, as a question of fact, that the defendant has erected an addition to an existing building. If so there is nothing left of this part of the controversy for us to decide. Taking isolated expressions it would seem as if such was the case. But, because the case is peculiar, all the acts of the defendant are detailed, and the real question finally decided is, that the ordinance must be held to embrace such acts within its definition and prohibition of erecting an addition to a building. This, of course, involves the meaning and construction of the ordinance as a whole, and the legal scope of the words " any addition to a building," and necessarily presents a question of law. That an enclosed structure existed and that the structure in question was afterwards built and connected with it was not denied. The contention was that the structure erected immediately after the fire was not in itself a building within the meaning of the ordinance nor the subsequent structure an addition.

. It is evident, then, that the question before the Superior Court required a construction of the charter and ordinance of Stamford. Did their provisions apply to the case? Was the erection of the south part of the building contrary to them? In other words, were the acts of the defendant, as stated in the complaint and proved at the trial, the erection

of an addition to a building, within the meaning of the law applicable thereto? The defendant thought not. The court decided that they were.

We do not think the defendant has erected an addition to a building, within the fair meaning and intention of the ordinance.

That it was in some sense an addition to the work theretofore begun is true and, because it was so the court seems to have concluded that the ordinance applied. But it was in a truer sense a completion of the work of repairing the original building. The building as it stood before the fire was a legal structure. It was one building and is stated to have been so in the finding. It is not claimed that the fact that it was divided by a partition made it two buildings. Suppose, after the fire, instead of rebuilding in sections or by degrees, the defendant had rebuilt the whole at once, upon the old foundations, using so much of the old material as was available, would it have been claimed that the prohibition against erecting additions had been violated? What difference ought it to make, in the construction of the law, that for his own convenience or that of the occupants of the tenements into which the north end of the building was divided, or from lack of present means to rebuild the entire building at once, the defendant rebuilt, and enclosed in the manner set forth, the north part at once, and three months later continued the work which, when completed, replaced the old building substantially as it stood before the fire, upon the same cellar walls and foundations.

The north erection was treated as, and consented to as, a repair of the north part of the burnt building. It is difficult to see why, upon the facts found, the work on the south part should not equally be treated as a repair, more extensive, to be sure, because the south part was more damaged, and a little delayed, but still a repair.

On the whole we think the provisions of the charter and ordinance relied on are not applicable, and that the court mistook the law in holding that the acts of the defendant

amounted to the erection of an addition to a building in violation of their fair intention and meaning.

There is error, and the judgment is reversed.

In this opinion the other judges concurred.